**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **AMANDA FORTIN**, on behalf of herself and others similarly situated, : : : | |
| : | **CASE NO. 2:21-cv-2836** |
| Plaintiff, : | |
| : | **JUDGE** |
| v. : | |
| : | **MAGISTRATE JUDGE** |
| **DEDICATED NURSING ASSOCIATES, INC.**, : : | |
| 6536 William Penn Hwy Rt. 22 : | **JURY DEMAND ENDORSED** |
| Suite 101 : | **HEREON** |
| Delmont, PA 15626 : | |
| : | |
| Defendant. : | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR
VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Plaintiff Amanda Fortin ("Named Plaintiff"), through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for her Collective and Class Action Complaint against Defendant Dedicated Nursing Associates, Inc. ("Defendant" or "DNA") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.03 and 4111.08 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"); and common law. Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while the Ohio Acts claims are asserted as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on

information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

## II. THE PARTIES

### Named Plaintiff

4. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. At all times relevant herein, Named Plaintiff was employed by Defendant as an hourly, non-exempt STNA in 2020.

6. Named Plaintiff brings this action on behalf of herself and those similarly situated, and she has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Pursuant to 29 U.S.C. § 216(b), Named Plaintiff's consent is attached as Exhibit A.

Defendant

7. Defendant is a foreign corporation registered to do business in the state of Ohio.

8. Defendant provides, among other services, healthcare staffing solutions for various healthcare providers.

9. Defendant maintains several offices in Ohio, Pennsylvania, and North Carolina; however, it actively and directly provides services to all fifty (50) states.[1]

10. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures, including those relating to the payment of wages, overtime, and timekeeping.

11. Because the work performed by Named Plaintiff and all other hourly healthcare employees benefited Defendant, and directly or indirectly furthered its interests, Defendant is an employer of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

12. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated healthcare employees to work. The work that Named Plaintiff and other similarly situated healthcare employees performed was for Defendant's primary benefit.

13. Defendant was an employer of Named Plaintiff and all other similarly situated healthcare employees at all of its locations as defined in, or for the purposes of, the FLSA and the Ohio Acts.

14. Defendant operates, controls, enterprises, and employs healthcare employees engaged in commerce or in the production of goods for commerce, or it has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced

---

[1] *See Contact Us: DNA Office Locations*, DEDICATED NURSING ASSOCS., INC., https://www.dedicatednurses.com/contact-us/ (last visited May 27, 2021).

for commerce by any person. Defendant has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

15.     At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III.    STATEMENT OF FACTS

16.     Defendant employed Named Plaintiff and other similarly situated healthcare employees as hourly, non-exempt employees.

17.     Named Plaintiff and other similarly situated healthcare employees worked, or they were scheduled to work, more than forty (40) hours in one or more workweek(s).

18.     During their employment with Defendant, Named Plaintiff and other similarly situated healthcare employees were not fully and properly paid for all overtime wages because Defendant applied a meal break deduction to their compensable hours worked even when Named Plaintiff and other similarly situated healthcare employees were unable to take a full, uninterrupted meal break.

19.     Specifically, Defendant required the deduction of a daily meal break from the compensable hours worked by Named Plaintiff and other similarly situated healthcare employees.

20.     Defendant required employees to login and logout of an app to track their work hours. If employees received a meal break, they were required to logout for such meal breaks. However, even if employees logged out of a meal break, their attempted meal break was regularly interrupted by work duties. In addition, Defendant deducted a half hour meal break regardless if employees were able to logout for such meal break.

21. Named Plaintiff and other similarly situated healthcare employees were often unable to take a meal break, took a shortened meal break, or had their meal breaks interrupted with job duties.

22. The facilities where Defendant staffed Named Plaintiff and other similarly situated healthcare employees to work were regularly understaffed and Named Plaintiff and other similarly situated employees were too busy with work to regularly take a full, uninterrupted meal break.

23. Indeed, Named Plaintiff often worked on a floor by herself while having to provide care to forty (40) patients at once.

24. Defendant did not have a policy and/or practice that allowed Named Plaintiff and other similarly situated employees to report a missed meal break to override the meal break deduction, or, if there was such a policy, in practice the policy was not able to be utilized.

25. Consequently, a daily meal break was deducted from healthcare employees' hours worked regardless of whether Named Plaintiff and other similarly situated healthcare employees received an uninterrupted meal break.

26. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

27. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

28. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages or it otherwise failed to maintain such documents and information.

29. For the three (3) years preceding the filing of this Complaint, Defendant applied the same pay policies and practices to all similarly situated hourly, non-exempt healthcare employees, including Named Plaintiff.

30. Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and/or practices described herein.

31. Defendant knew or should have been aware that Named Plaintiff and other similarly situated healthcare employees had a meal deduction applied to their daily hours worked when they were unable to take a meal break, took a shortened meal break, and/or had their meal break interrupted with job duties.

32. As a result of Defendant's meal break policies and/or practices, Named Plaintiff and other similarly situated employees were not paid one-and-one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek.

33. Further, Defendant knew or should have been aware that Named Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid an overtime rate based on their regular rates of pay, as that phrase is defined under the FLSA, but Defendant willfully elected not to fully compensate its employees during all times relevant.

## IV.   **COLLECTIVE ACTION ALLEGATIONS**

34. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:

> All current and former hourly, non-exempt employees of Defendant who worked or were scheduled to work at least forty (40) hours in

        any workweek and had a meal deduction taken from their compensable hours worked, beginning three (3) years prior to the filing date of this Complaint and continuing through the date of the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").

35. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

36. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to company-wide unlawful payroll policies and practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime at a rate of at least one-and-one-half times their regular rates of pay, as that phrase is defined under the FLSA, for all overtime hours worked. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

37. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

38. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V.     RULE 23 ALLEGATIONS

39.     Named Plaintiff brings her Ohio Acts claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of herself and all other similarly situated of the following class, consisting of:

> All Ohio current and former hourly, non-exempt employees of Defendant who worked or were scheduled to work at least forty (40) hours in any workweek and had a meal deduction taken from their compensable hours worked, beginning two (2) years prior to the filing date of this Complaint and continuing through the date of the final disposition of this case (hereinafter the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").

40.     During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked at least forty (40) hours per workweek, but they were not correctly compensated at a rate of at least one-and-one-half times their correct regular rates of pay, as that phrase is defined under the FLSA, for all hours worked in excess of forty (40) because of Defendant's policies and/or practices of requiring a meal break deduction to be taken even if employees do not receive an uninterrupted meal break.

41.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

42.     Named Plaintiff is a member of the Ohio Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

43.     Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

44.     Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class whom she has undertaken to represent.

45. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

46. Questions of law and fact are common to the Ohio Rule 23 Class.

47. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

48. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

49. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

50. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty (40) per workweek because of the applied meal break deductions; (b) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to the Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or not paid to them.

51. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### COUNT I
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

52. All of the preceding paragraphs are realleged as if fully rewritten herein.

53. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

54. During the relevant time period, Defendant employed Named Plaintiff and the FLSA Collective Members.

55. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

56. Named Plaintiff and the FLSA Collective Members worked in excess of forty (40) hours in one or more workweek(s) during all times relevant.

57. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

58. The FLSA requires that non-exempt employees receive overtime compensation of one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

59. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime compensation.

60. Named Plaintiff and the FLSA Collective Members should have been paid overtime premium for all hours worked in excess of forty (40) hours per workweek during the three (3) years from the filing date of this Complaint.

61. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by, *inter alia*, requiring a meal break deduction even when its employees did not receive an uninterrupted meal break and thus failing to fully compensate them at one-and-one-half times their regular rates of pay for hours worked over forty (40) in workweeks.

62. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

63. The exact total amount of overtime compensation that Defendant failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

64. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

## COUNT II
## R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

65. All of the preceding paragraphs are realleged as if fully rewritten herein.

66. This claim is brought under Ohio law, which incorporates the FLSA without limitation.

67. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

68. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

69. Named Plaintiff and the Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not paid overtime for all hours worked over forty (40) in a workweek for workweeks wherein they had a meal break deduction even though they did not receive an uninterrupted meal break.

70. Defendant's company-wide policies and/or practices described herein resulted in unpaid overtime wages for Named Plaintiff and the Ohio Rule 23 Class.

71. Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of the Ohio Wage Act.

72. Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class by, *inter alia*, failing to compensate them at one-and-one-half times their correct regular rates for hours worked over forty (40) in a workweek because of Defendant's meal deduction policy and/or practice as described herein.

73. Defendant's repeated and knowing failure to pay overtime wages to Named Plaintiff and those similarly situated Ohioans constitutes a violation of R.C. § 4111.03, and, as such, Defendant acted willfully.

74. For Defendant's violations of R.C. § 4111.03, by which Named Plaintiff and those similarly situated Ohio employees have suffered and continue to suffer damages, Named Plaintiff and those similarly situated Ohio employees seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

**COUNT III**
**R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT**

75. All of the preceding paragraphs are realleged as if fully rewritten herein.

76. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant.

77. During relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

78. The OPPA requires Defendant to pay Named Plaintiff and the Ohio Rule 23 Class all wages, including unpaid overtime, in accordance with R.C. § 4113.15(A).

79. During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one-and-one-half times their regular rates of pay within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

80. Named Plaintiff's and the Ohio Rule 23 Class Members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

81. Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

82. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

83. All of the preceding paragraphs are realleged as if fully rewritten herein.

84. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

85. During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio Wage Act's mandates.

86. Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

87. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

88. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**VII.** **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendant for an Order:

A. Certifying the proposed FLSA collective action;

B.   Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.   Certifying the proposed Rule 23 Class under the Ohio Acts;

D.   Finding that Defendant failed to keep accurate records, and, as such, Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E.   Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F.   Awarding to Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G.   Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period;

H.   Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I.   Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

J.	Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

K.	Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever;

L.	Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action; and

M.	Granting such other and further relief as to this Court may deem necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
	agedling@mcoffmanlegal.com
	khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman