# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **AMANDA FORTIN**, on behalf of herself and others similarly situated, | : : : | **CASE NO. 2:21-cv-02836** |
| Plaintiff, | : : | **JUDGE MICHAEL H. WATSON** |
| v. | : : : | **MAGISTRATE JUDGE KIMBERLY A. JOLSON** |
| **DEDICATED NURSING ASSOCIATES, INC.,** | : : : | **JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND BRIEF IN** |
| Defendant. | : | **SUPPORT** |

Representative Plaintiff Amanda Fortin ("Representative Plaintiff") and Defendant Dedicated Nursing Associates, Inc. ("Defendant") (collectively the "Parties") respectfully and jointly move this Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement. Representative Plaintiff's Rule 23 claims, which were not certified by this Court, are being dismissed without prejudice. The settlement was reached by experienced wage and hour counsel during arms-length, good faith negotiations with the assistance of a private mediator.

The following documents are submitted for the Court's approval:

**Exhibit 1**: Collective Action Settlement Agreement and Release (the "Agreement")[1] with the following Exhibit:

> **Exhibit 1-A**: Notice of Settlement of Collective Action Lawsuit and Consent Form and Release.

**Exhibit 2**: Declaration of Adam C. Gedling (hereinafter "Gedling Decl."); and

**Exhibit 3**: Proposed Stipulated Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice.

---

[1] Unless otherwise noted, all capitalized words and phrases used throughout this motion and brief shall have the same meaning as set forth in the Collective Action Settlement Agreement and Release.

<u>**MEMORANDUM IN SUPPORT**</u>

I.  <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

    A.  <u>**Summary of the Claims and Procedural History**</u>

On May 27, 2021, Representative Plaintiff filed this case (the "Lawsuit" or the "Action")

against Defendant on behalf of herself and other allegedly similarly situated current and former

healthcare employees. Compl., ECF No. 1; Gedling Decl., Ex. 2, ¶ 9.

In the Action, Representative Plaintiff alleged that Defendant failed to pay healthcare

employees overtime for all hours worked in excess of forty (40) in one or more workweek(s) in

violation of the Fair Labor Standards Act, §§ 201, *et seq.* Specifically, Representative Plaintiff

alleged that Defendant violated the FLSA by failing to pay healthcare employees all overtime

wages owed as a result of Defendant allegedly deducting meal breaks from their daily,

compensable hours worked when their meal breaks were either not taken, shortened, or interrupted

with job duties. Compl., ECF No. 1, ¶¶ 16–25; Gedling Decl., Ex. 2, ¶ 10.  Representative Plaintiff

also identified another claim related to the alleged failure to pay employees for rest breaks of

twenty (20) minutes or fewer. Gedling Decl., Ex. 2, ¶10. Defendant denies these allegations and

asserts that it properly paid its healthcare employees, including Representative Plaintiff, for all

hours worked.

On September 1, 2021, the Parties filed a Joint Motion to Stay All Case Deadlines because

they agreed to mediate this dispute with a private mediator. ECF No. 16. On September 2, 2021,

the Court granted the Parties' Motion to Stay the Case by notation order. ECF No. 17.

The Parties mediated this case with Jerome F. Weiss on July 20, 2022. Prior to the

mediation, Defendant provided time and compensation records for Representative Plaintiff and

other healthcare employees that Representative Plaintiff contends are similarly situated, to wit, all

current and former hourly, non-exempt employees of Defendant[2] who were paid for at least forty

(40) hours of work in any workweek that they (1) worked at a facility that applied an automatic

meal deduction to their hours and/or (2) had unpaid rest breaks of twenty (20) minutes or fewer

from August 17, 2018 to July 15, 2022. Class Counsel, with the assistance of its consultant,

performed a damages analysis using this information. After several hours and with the assistance

of the mediator, the Parties were able to reach a resolution. Gedling Decl., Ex. 2, ¶¶ 11–13.

In addition to Representative Plaintiff, the following individuals have joined the case to

date: Lisa Rooks, Abbey Robbins, Darylsheda Reeves, Sheila Hodges, Orletta Faison, Roxanne

Kilgore, Sierra Steele, Kemeshia Tan, Ajana Blackwell, and Shannon Nealey (collectively

"Current Opt-In Plaintiffs").

**B.**     **Summary of the Key Settlement Terms**

The total settlement amount is $250,000.00. This amount includes: (a) all potential

individual settlement payments to approximately 1,300 Eligible Settlement Participants,[3] inclusive

of Representative Plaintiff and Current Opt-In Plaintiffs; (b) a service award of $5,000.00 to

Representative Plaintiff for her services in bringing and prosecuting this Action and service awards

of $1,000.00 for certain Current Opt-In Plaintiffs; (c) Class Counsel's attorneys' fees and litigation

expenses; and (d) any Settlement Administrator Costs in excess of $10,000. *Id.*, ¶ 15.

A Notice of Settlement (attached to the Agreement) and Consent Form and Release

("Consent Form") will be sent to the Eligible Settlement Participants. Eligible Settlement

Participants who timely complete, sign, and submit a valid and timely Consent Form, which will

---

[2] Including Representative Plaintiff and Current Opt-In Plaintiffs.
[3] Eligible Settlement Participants will receive a settlement payment if they timely submit a consent form, which will be filed with the Court, as outlined in the Collective Action Settlement Agreement and Release. Those who do not submit a timely consent form will not release their claims and will not receive their potential Settlement Award, which will remain the property of Defendant.

be filed with the Court by Class Counsel, will become Claimants. Only those Eligible Settlement Participants who join the settlement by timely submitting a Consent Form will be bound by the Agreement. *Id.*, ¶ 19.

The potential Settlement Awards are proportional to the total calculated alleged damages for an alleged 3-year statute of limitations for each Eligible Settlement Participant. The Settlement Awards include: (1) a potential payment for 100% of the damages related to the alleged improper deductions for rest breaks of twenty (20) minutes or fewer during qualifying weeks; and (2) a potential *pro rata* payment for the meal period claim, calculated assuming Eligible Settlement Participants had one missed meal break per qualifying week. Each Eligible Settlement Participant shall be eligible to receive a minimum Settlement Award of $10.00 if their calculated proportional share is less than that amount. This type of allocation is commonly used in class and collective action settlements. *Id.*, ¶ 20. This recovery is fair and reasonable given the facts and circumstances of this case. *See Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 833 F. App'x 430, 431 (6th Cir. 2021).

In exchange for the total settlement amount payment and other consideration provided for in the Agreement, this Lawsuit will be dismissed with prejudice, and the Claimants (including Representative Plaintiff and Current Opt-In Plaintiffs) who timely submit a Consent Form will release Defendant from federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, in the Lawsuit. Gedling Decl., Ex. 2, ¶ 21.

## II.     PROPRIETY OF APPROVAL OF THE SETTLEMENT.

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. Court approval is warranted on all scores.

### A.     Satisfaction of 7-Factor Standard

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enters., Inc.*, No. C2-05-500, 2008 WL 2468868, at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven (7) factors to evaluate class action settlements, which are:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)), *Crawford*, 2008 WL 4724499, at *3.

The settlement in this Action satisfies each of these elements.

1.   *No Indicia of Fraud or Collusion Exists.*

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-cv-1677, 2020 WL 4673163, at *2 (S.D. Ohio Aug. 12, 2020) (Sargus, J.) (quoting *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)). The Agreement was achieved only after arm's-length and good faith negotiations between the Parties, with the assistance of a neutral mediator. Gedling Decl., Ex. 2, ¶ 22. As such, there is no indicia of fraud or collusion, and this factor favors approval of the Settlement.

2.     *The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval.*

The policy favoring settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *3 (S.D. Ohio Aug. 17, 2018) (Watson, J.) (internal quotation marks and further citation omitted) ("[M]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them.").

If this Action had not settled, the Parties would be required to engage in costly litigation, such as briefing on conditional certification, formal written discovery, depositions, dispositive motions, trial, and potential appeals. The Settlement, on the other hand, provides substantial relief to the Eligible Settlement Participants promptly and efficiently and amplifies the benefits of that relief through the economies of collective resolution. Gedling Decl., Ex. 2, ¶ 28.

3.     *Investigation Was Sufficient to Allow the Parties to Act Intelligently.*

The Parties engaged in substantial investigation and analysis prior to negotiating the Settlement. Specifically, Defendant produced all necessary payroll and timekeeping information for the Eligible Settlement Participants. Class Counsel engaged the services of a consultant to build a damages model, which was instrumental in guiding Representative Plaintiff's negotiations. *Id.*, ¶¶ 11–12.

In addition, the Parties assessed their potential risk of loss. Thus, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well understood by both sides.

4.      *The Risks of Litigation Favor Approval.*

The settlement represents a compromise of disputed claims. Specifically, Representative Plaintiff alleges that she and other healthcare employees were not compensated for unpaid meal breaks that were either not taken, shortened, or interrupted by job duties. She also alleges that Defendant improperly deducted rest breaks of twenty (20) minutes or fewer. On the other hand, Defendant denies these allegations and asserts that it has fully compensated its healthcare employees for all time worked. *Id.*, ¶¶ 10, 24.

The Parties also disagree about whether the 2-year limitations period for non-willful violations or 3-year limitations period for willful violations applies, whether liquidated damages are appropriate, and whether the claims alleged can proceed collectively. *Id.*, ¶ 24.

Accordingly, if this Action had not settled, it is possible that there would be no recovery for the Eligible Settlement Participants at all.

5.      *The Opinion of Representative Plaintiff's Counsel Favor Approval.*

Class Counsel is highly experienced in wage-and-hour collective and class actions. At all times, they have acted in good faith and have vigorously represented the interests of the Eligible Settlement Participants, which include Representative Plaintiff and Current Opt-In Plaintiffs. Importantly, Class Counsel opines that the settlement is fair, reasonable, adequate, and in the best interests of Representative Plaintiff, Current Opt-In Plaintiffs, and Eligible Settlement Participants *Id.*, ¶¶ 23-24. "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright*, 2018 WL 3966253, at *5 (further citation omitted). Accordingly, this factor favors approval of the settlement.

6.  *The Reaction of Absent Class Members Favors Approval.*

If the Court approves the settlement, the Eligible Settlement Participants will receive a

Notice of Settlement and Consent Form. They will be given the option to join the Settlement by

timely submitting their signed Consent Form. Only those Eligible Settlement Participants who join

the Settlement by timely submitting their signed Consent Form will be bound by the Agreement.

Those Eligible Settlement Participants who do not join the Settlement will not receive their

potential Settlement Award, and they will retain the right to pursue their own claims. Gedling

Decl., Ex. 2, ¶ 19.

7.  *The Public Interest Favors Approval.*

"Public policy generally favors settlement of class action lawsuits." *Wright*, 2018 WL

3966253, at *5 (quoting *Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)) (internal

quotation marks omitted). Like in *Wright*, "the Settlement confers immediate benefits on the

[Eligible Settlement Participants], avoids the risks and expense in further litigation, and conserves

judicial resources." *Id.* Thus, as in *Wright*, the Court should find that this factor supports approval

of the Settlement.

**B.      The Settlement Distributions Are Fair, Reasonable, and Adequate.**

In addition to evaluating the seven (7) factors discussed above, the Court must also "ensure

that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No.

14-CV-2643, 2016 WL 4721208, at *6 (S.D. Ohio Sept. 9, 2016) (Marbley, J.) (internal quotation

marks and further citation omitted).

1.  *The Individual Payments Are Reasonable and Adequate.*

As part of their pre-mediation evaluation, Class Counsel retained a consultant to analyze

the class data provided by Defendant's Counsel. Alleged damages were calculated for the alleged

improper deductions of short rest breaks as well as those resulting from alleged missed/interrupted

meal breaks in workweeks that Eligible Settlement Participant worked forty (40) or more hours. The potential Settlement Awards include: (1) a potential payment for 100% of the damages related to the alleged improper deductions for rest breaks of twenty (20) minutes or fewer during qualifying weeks; and (2) a potential *pro rata* payment for the meal period claim, calculated assuming Eligible Settlement Participants had one missed meal break per qualifying week. Each Eligible Settlement Participant may receive a minimum Settlement Award of $10.00 if their calculated proportional share is less than that amount, and they join the settlement by timely submitting a signed Consent Form. This amount of time was settled upon as reasonable based on the information learned during mediation, settlement discussions, and informal discovery. Gedling Decl., Ex. 2, ¶ 20. This recovery is fair and reasonable given the facts and circumstances of this case. *See Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *4-5 (S.D. Ohio Dec. 2, 2016) (approving a settlement that represented approximately 55% of allegedly owed wages); *Shane Grp. Inc.*, 833 F. App'x at 431.

All Settlement Awards will be calculated proportionally. Gedling Decl., Ex. 2, ¶ 20. As such, each Eligible Settlement Participant will have the opportunity to obtain compensation for alleged unpaid wages that are proportional to the damages calculated by Class Counsel.

> 2.      *Representative Plaintiff's and Current Opt-In Plaintiffs' Service Awards Are Proper and Reasonable.*

The Agreement provides for a Service Award of $5,000.00 to Representative Plaintiff and Service Awards of $1,000.00 to certain Current Opt-In Plaintiffs in addition to their individual payments. Gedling Decl., Ex. 2, ¶¶ 15-16. Courts routinely approve service awards to named plaintiffs in class and collective action litigation because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 WL 6485159, at

*8 (S.D. Ohio Dec. 3, 2019) (Vascura, M.J.) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)) (internal quotation marks omitted). Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Id.* (quoting *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010)) (internal quotation marks omitted).

Here, Representative Plaintiff and Current Opt-In Plaintiffs contributed significant time, effort, and detailed factual information, enabling Class Counsel to evaluate the strength of this case and reach the present Settlement. Gedling Decl., Ex. 2, ¶ 16.

3.    *The Attorneys' Fees to Class Counsel Are Proper and Reasonable.*

After the Court has confirmed that the terms of the Settlement are fair to the Eligible Settlement Participants, it may review the Agreement as to the provision of fees and litigation expenses to Class Counsel.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

The Agreement provides a payment of attorneys' fees to Class Counsel in the amount of one-third (1/3) of the total settlement amount, i.e., $83,333.33. A one-third fee award is "typical for attorney's fees in common fund, FLSA collective actions in this District[.]" *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019)

Page **10** of **13**

(Morrison, J.). This "is a normal fee amount in a wage and hour case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019) (Rice, J.) (citing *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018)); *see also Ganci*, 2019 WL 6485159, at *7 (approving an award of one-third of a settlement fund in a wage and hour case); *Call v. CTA Pizza, Inc.*, No. 2:18-cv-00696, 2019 WL 5307071, at *5 (S.D. Ohio Oct. 21, 2019) (Marbley, J.) (same); *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 WL 1614822, at *7 (N.D. Ohio Mar. 26, 2019) (same); *Wright*, 2018 WL 3966253, at *8 (same); *Osman v. Grube, Inc.*, No. 3:16-cv-00802, 2018 WL 2095172, at *5 (N.D. Ohio May 4, 2018) (same); *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 WL 2490989, at *8 (N.D. Ohio June 15, 2010) (same).

Class Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs, and expenses. Thus, Class Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci*, 2019 WL 6485159, at *7.

Finally, courts in this district acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg*, 2019 WL 6310376, at *3 (further citation omitted). Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Class Counsel for its prosecution of this case and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g.*, *Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 WL 2532922, at *4 (S.D. Ohio June 24, 2011) (Black, J.) ("[S]ociety has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

Page **11** of **13**

        4.      *The Court Should Authorize Reimbursement to Class Counsel of Its Out-of-Pocket Expenses Incurred in this Case.*

Class Counsel should also be reimbursed their litigation expenses, which as of the date of this Joint Motion are $5,404.15.

"Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg*, 2019 WL 6310376, at \*7 (further citation omitted). In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.* (further citation omitted). Because Class Counsel's litigation expenses were incurred in the prosecution of the claims in this case and in obtaining settlement, the Court should award reimbursement of these expenses to Class Counsel.

## III.    CONCLUSION

The Parties submit that this Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the Proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice; (2) approve Class Counsel's request for attorneys' fees and expenses; (3) approve the requested service payments to Representative Plaintiff and certain Current Opt-In Plaintiffs; (4) approve the payment to the Settlement Administrator; and (5) retain jurisdiction to enforce the settlement if necessary. The Parties also acknowledge that Representative Plaintiff's claims brought under the Ohio Wage Act brought pursuant to Rule 23, which were not certified by this Court, are being dismissed without prejudice, noting that while Representative Plaintiff, Current Opt-In Plaintiffs and Claimants who worked in Ohio have released all Ohio Wage Act claims against Defendant through this Settlement Agreement, no other Eligible Settlement

Participant who declines to participate in this Settlement has released any claims against Defendant nor have they received any consideration with regard to these claims. (Ex. 1, ¶ 30).

Respectfully submitted,

| **COFFMAN LEGAL, LLC** | **VORYS, SATER, SEYMOUR AND PEASE LLP** |
|---|---|
| */s/ Adam C. Gedling* | */s/ Adam J. Rocco* |
| Matthew J.P. Coffman (0085586) | Adam J. Rocco (0083807) |
| Adam C. Gedling (0085256) | Nelson D. Cary (0073559) |
| Kelsie N. Hendren (1000041) | Eric E. Leist (0097145) |
| 1550 Old Henderson Road | 52 East Gay Street |
| Suite 126 | Columbus, Ohio 43215 |
| Columbus, Ohio 43220 | Phone: 614-464-6396 |
| Phone: 614-949-1181 | Fax: 614-719-4804 |
| Fax: 614-386-9964 | Email: ajrocco@vorys.com |
| Email: mcoffman@mcoffmanlegal.com | ndcary@vorys.com |
| agedling@mcoffmanlegal.com | eeleist@vorys.com |
| khendren@mcoffmanlegal.com | |
| | *Attorneys for Defendant Dedicated Nursing Associates, Inc.* |
| *Attorneys for Representative Plaintiff and those similarly situated* | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November 2022 a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Adam C. Gedling*
Adam C. Gedling