UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Amanda Fortin,

        Plaintiff,                Case No. 2:21-cv-2836

    v.                        Judge Michael H. Watson

Dedicated Nursing Associates,      Magistrate Judge Jolson
Inc.,

        Defendant.

## OPINION AND ORDER

Amanda Fortin ("Representative Plaintiff") sued Dedicated Nursing

Associates, Inc. ("Defendant") for unpaid overtime wages and other relief under

the Fair Labor Standards Act ("FLSA") and analogous state laws.  Compl., ECF

No. 1.  Representative Plaintiff alleged that Defendant failed to properly pay her

and other similarly situated healthcare employees for overtime hours worked due

to its meal break policies and practices.  *Id.*  Representative Plaintiff also alleges

that Defendant improperly deducted time for rest breaks of less than twenty

minutes.  *See, e.g.*, Mot. 2, ECF No. 35.  The Court has not yet conditionally

certified a class.  *See generally*, docket.  However, ten opt-in plaintiffs have

already joined the action; the parties move to certify a collective for settlement

purposes and expect that approximately 1,300 individuals will be eligible to

participate in the settlement.  Settlement Agreement ¶¶ 5, 17, ECF No. 35-1.

The parties have settled the FLSA claims, have dismissed the state law claims, and move for approval of their settlement agreement.  Mot., ECF No. 35.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court."  *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)).  To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute.  *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same analysis to an FLSA settlement).  Factors relevant to this determination include: "(1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of plaintiff's success on the merits; and (5) the public interest in settlement."  *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted).  "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case."  *Gentrup,* 2011 WL 2532922, at *3 (citation omitted).  Additionally, the Court must

separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case, as the parties dispute, *inter alia*, whether Defendant allowed employees to take uninterrupted meal breaks, what limitations period applies, and whether the claims can be properly pursued as a collective. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. The settlement will avoid expensive litigation for both sides, including possible class certification motions, remaining discovery, dispositive motions, trial, and possible appeals. Further, the parties represent that they engaged in substantial discovery and, therefore, have had the opportunity to consider their respective likelihoods of success.

The total settlement amount is $250,000. Settlement Agreement ¶ 18, ECF No. 35-1. From this amount, each individual settlement payment reflects: (1) a potential payment for 100% of the damages related to the alleged improper deductions for rest breaks of twenty minutes or fewer during qualifying weeks; and (2) a potential pro rata payment for the meal period claim, calculated assuming all eligible participants had one missed meal break per qualifying week. *Id.* ¶ 45. Representative Plaintiff will receive a $5,000 service award in

addition to her individual payment; the currently opted-in plaintiffs who release their claims will receive service awards of $1,000.00. *Id.* ¶ 55.

These payments are reasonable. *See Vigna*, 2016 WL 7034237, at *2–4 (approving a settlement that represented approximately 55% of allegedly owed wages); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class"). Moreover, attorney's fees in the amount of $83,333.33—representing approximately 33% of the total settlement amount—are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."). Counsel's request for $5,404.15 in litigation costs is also reasonable.

The parties' joint motion, ECF No. 35, is **GRANTED**, including its request for attorney's fees and costs, to settle Plaintiffs' FLSA claims. The settlement agreement and proposed notice and claim forms are **APPROVED**. The Court **DISMISSES** the case **WITH PREJUDICE** but retains jurisdiction to enforce the terms of the settlement agreement. The Clerk is **DIRECTED** to close the case.

      **IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**